IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| ROWDY LEAL, *et al.*, | § § | |
| PLAINTIFFS, | § § | |
| vs. | § § | CIVIL ACTION CAUSE NUMBER |
| PARAMOUNT RESTAURANTS GROUP, INC., *et al.*, | § § § | 2:12-CV-038-J |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISQUALIFY

Before the Court is Defendants Cory and Gary Strickland, *et al*'s motion (docket entry number 107), filed November 15, 2012, to disqualify Philip Russ and Jerry McLaughlin as counsel for all of the Plaintiffs, the Plaintiffs' response in opposition to that motion, and the Defendants' reply and supplemental brief in support. For the following reasons, Defendants' motion is denied.

"[D]isqualification cases are governed by state and national ethical standards adopted by the court." *FDIC v. United States Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir. 1995)(quoting *In re Am. Airlines, Inc.*, 972 F.2d 605, 605 (5th Cir. 1992)). Ethical canons relevant to the district court's order include: 1) the local rules for the Northern District of Texas; 2) the American Bar Association's (ABA's) Model Rules of Professional Conduct; 3) the ABA's Model Code of Professional Responsibility; and 4) the state rules of conduct. *See id.* Courts "interpret these rules as we would any other source of law." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001)(citing *In re Dresser Indus.*, 972 F.2d 540, 543 (5th Cir. 1992)). "In considering a disqualification motion, we view the rules in light of the litigant's rights and the public interest, considering 'whether a conflict has (1) the appearance of impropriety in general, or (2) a possibility that a specific impropriety will occur, and (3) the likelihood of public suspicion from the

impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case.'" *Horaist,* 255 F.2d at 266 (citing *Dresser,* 972 F.2d at 544).

Defendants allege that Plaintiffs Rowdy Leal and Ronald Joseph were ESOP trustees during various relevant times. Defendants allege there is therefore an inherent conflict of interest between those two Plaintiffs, as former ESOP trustees, and the other non-trustee plaintiffs (that is, Plaintiffs who never served as ESOP trustees) which requires that Plaintiffs' attorneys Russ and McLaughlin be ordered to withdraw entirely from this case. Defendants argue that the non-trustee plaintiffs might have a non-asserted claim against the former-trustee plaintiffs, which could possibly result in a situation where a monetary and equitable-relief judgment favorable to the non-trustee plaintiffs will impact unfavorably upon former-trustees Leal and Joseph. Plaintiffs respond that no conflict exists because the essence of all of the Plaintiffs' claims is that the allegedly wrongfully-taken ESOP funds at issue in this case were taken by the Strickland Defendants years before either Leal or Joseph first became an ESOP trustee.

Defendants reply that the factual issue of when a Plaintiff first knew the money was gone then becomes relevant because of Defendants' statue of repose defense, and as trustees Leal and Joseph could arguably have knowledge of relevant facts – that money was missing – that non-trustee plaintiffs did not and could not have. Plaintiffs further respond that discovery in this case has revealed that all of the money was gone within a few days after the Strickland Defendants first got access to it. Plaintiffs allege that Defendant Cory Strickland withheld that fact from all of the Plaintiffs and affirmatively mislead Plaintiffs by repeated asserted that the money was invested, was safe, and was a secure retirement fund. Plaintiffs state that no Plaintiff knew the money had been wrongfully taken, or when it was taken, until the truth came out during discovery after this case was filed. Plaintiffs therefore allege that Defendants' limitations defense does not create a conflict of interest under the specific facts of this case.

Upon motion filed March 8, 2013, and granted March 11, 2013, attorney Wade Byrd was substituted as lead counsel for Plaintiff Rowdy Leal in this case, and attorneys Russ and McLaughlin were permitted to withdraw as co-counsel for Plaintiff Leal. Therefore this motion is moot as to any alleged conflict of interest requiring removal of attorneys Russ and McLaughlin as counsel for all plaintiffs because they are also counsel for Plaintiff Leal. Neither attorney is now counsel for Plaintiff Leal.

As to removal of attorneys Russ and McLaughlin as counsel for all Plaintiff because they are still counsel of record for Plaintiff Joseph, Defendants' have not shown that the relief requested – the removal of both attorneys as counsel for every party plaintiff in this case – is warranted. The requested relief is too broad. Defendants do not allege that either attorney is expected to be a witness at trial. *See FDIC v. U.S. Fire Ins. Co.,* 50 F.3d 1304, 1311-13 (5th Cir. 1995). And it is not disputed that the ability of the Plaintiffs to present their case at trial will be impacted substantially if the attorneys that the Plaintiffs have chosen to represent them must withdraw. *Id.* "Depriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration," *id.* at 1313, and must be mandated under the applicable rules and the specific facts of each case. A "remote possibility that" parties "may eventually find themselves at odds is much too tenuous a thread to support the burdensome sanction of law firm disqualification." *Id.* at 1314.

Defendants have not shown the appearance of impropriety in general, or the required probability that a specific impropriety will occur in this case. They have not shown the required specific likelihood of public suspicion outweighing any societal interests served by the lawyers' continued participation in this case. *See Horaist v. Doctor's Hosp. of Opelousas,* 255 F.3d 261, 266 (5th Cir. 2001)(if one witness' "testimony corroborates" another's, so that there is "no interest in discrediting it", there is no "demonstrat[ed] prejudice," and no conflict requiring removal; "in addition, when an attorney's

3

participation [even] as both lawyer and witness stands to prejudice only his own client, the opposing attorney should have no say in the matter."). *Id.* at 267 (citing *U.S. Fire Ins. Co.,* 50 F.3d at 1315).

For all of these reasons, the Defendants' motion to disqualify counsel is denied.

It is SO ORDERED.

Signed this the \_\_\_15th\_\_\_ day of May, 2013.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE